UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

     Plaintiff,

v.                           Case No.   14-20209

Sarah Ann Calvetti,          Sean F. Cox
                              United States District Court Judge

     Defendant.

_____/

## OPINION & ORDER

     In this action, Defendant Sarah Ann Calvetti ("Defendant") is charged with two serious narcotics offenses.  This matter is currently before the Court on the Government's appeal of an "Order Denying Government's Motion For Detention And Setting Conditions Of Release." (Docket Entry No. 12).  This Court held a hearing on April 15, 2014.  For the reasons set forth below, this Court finds that there is no combination of conditions that will reasonably assure the appearance of Defendant and the safety of the community.   Accordingly, the Court shall REVOKE the Order Setting Conditions of Release and ORDER that Defendant be DETAINED pending trial.

## BACKGROUND

     Defendant was charged in this action via a criminal complaint on March 27, 2014.  On March 31, 2014, then-Magistrate[1] Judge Laurie Michelson held a detention hearing, which was

_____

     [1]As indicated in the April 14, 2014 Order, Judge Michaelson began the detention hearing while sitting as a magistrate judge in duty court.  She continued in that capacity until she issued the April 14, 2014 Order.

continued on April 1, 2014, April 4, 2014, and April 14, 2014.  On April 14, 2014, she issued an Order Denying Government's Motion for Detention and Setting Conditions of Release.  (Docket Entry No. 12).  In that Order, she ordered that the matter was "stayed pending the government's immediate appeal before the judge assigned to the case, District Judge Sean F. Cox."  (*Id.*).

This Court held a hearing on the Government's appeal on April 15, 2014.   The Government's position on appeal is that Defendant poses a danger to the community and is a flight risk and that she should be detained.  Defendant contends that there are a combination of conditions that will assure her appearance and the safety of the community.

## ANALYSIS

18 U.S.C. § 3145(a) governs review and appeal of a release or detention order and allows the Government to file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release.

A court may order detention of the defendant if, by clear and convincing evidence, the court finds that no set of conditions will reasonably assure the appearance of the person and the safety of the community. 18 U.S.C. § 3142(f). In determining whether no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community, the district court must take into account the available information concerning: 1) the nature and circumstances of the offense charged; 2) the weight of the evidence against the defendant; 3) the history and characteristics of the defendant; and 4) the nature and seriousness of the danger posed by the defendant's release. 18 U.S.C. § 3142(g).

In addition, § 3142(e) of the Bail Reform Act, 18 U.S.C. § 3141 *et seq.,* requires judicial officers making pretrial detention decisions to apply a "rebuttable presumption," in certain types

2

of cases. A rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community exists if the Court finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act. 18 U.S.C. § 3142(e).

 Here, the Indictment charges Defendant with presumption offenses. The indictment is sufficient to establish probable cause that a defendant committed the charged offense. *United States v. Hazime,* 762 F.2d 34, 37 (6th Cir. 1985); *United States v. Rippie,* 2008 WL 2741941 at * 3 (E.D. Mich. 2008). Moreover, both parties agree that this is a presumption case.

As set forth in *United States v. Rippie,* this rebuttable presumption favoring detention operates as follows:

> If a defendant produces some evidence to rebut the presumption, "the rebutted presumption retains evidentiary weight." *United States v. Dillon,* 938 F.2d 1412, 1416 (1st Cir. 1991). The rebuttable presumption does not relieve the Government of its ultimate burden of proof. *United States v. Music,* 2007 WL 2067057, at *3 (W.D.Ky. July 16, 2007). The facts used to determine that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142; *Hazime,* 762 F.2d. at 37.

*United States v. Rippie, supra,* at * 4; *see also* 9B Fed. Proc. L.Ed.. § 22:1858 (Once the presumption has been triggered, "the defendant carries the burden of producing some credible evidence that the defendant will appear and will not pose a threat to the safety of the community; the government maintains the burden of persuasion as to the existence of these facts.").

As explained below, having carefully considered the relevant factors, this Court concludes that there is no combination of conditions that will reasonably assure the appearance of Defendant and the safety of the community.

The Court first considers the nature and circumstances of the offenses charged.  In this action, Defendant is charged with two narcotics offenses, which are serious crimes that carry potential penalties of up to life imprisonment.

Second, this Court considers the weight of the evidence against Defendant.   This factor, however, "goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt."  *United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010).  At time of the arrest in this case, Defendant was stopped while driving a vehicle with *sixteen kilograms of cocaine* in it, concealed in hidden compartments of the vehicle.  Defendant told the officers that the vehicle belonged to her.  While no weapons were found in the vehicle, the large amount of narcotics in the vehicle represents a danger to this community.

Moreover, after Defendant consented to a search of her residence in Dearborn Heights, Michigan, officers found a residence that does not look like anyone was living there.  (Govt.'s Ex. 1).  That residence contains two air mattresses and no furniture in either the living room or dining room.  It has a floor safe and a trained narcotics canine alerted to the presence of narcotics at the location of the safe, although it was empty at the time of the search. Despite the lack of furniture or other items indicative of a person residing in the house, inside Defendant's residence the officers found indicia of drug trafficking in that they recovered packaging and distribution materials such as plastic wrap, numerous dryer sheets, tubes of grease, rubber bands and plastic bags.  Those are the same materials that were used to package the cocaine that was found in the vehicle that Defendant was driving.

Third, the Court considers the history and characteristics of Defendant. Defendant's criminal history is not extensive; it consists of one prior felony conviction for possession of

4

marijuana, in Texas, for which Defendant was ordered to serve three years probation.  To her credit, Defendant was discharged from supervision early due to her compliance.  Yet that prior offense was another drug offense and it bears some similarity to the offense at issue here in that the offense involved Defendant being in a vehicle that contained a large amount of drugs (i.e., fifty to seventy-five pounds of marijuana).

Defendant states that, since November of 2013, she has been splitting her time between Michigan (at the Dearborn Heights residence) and Texas (at her Co-Defendant's residence in Houston).  Prior to that, she lived in Kalkaska, Michigan for one year.  Defendant advised pretrial services that she never stays more than a couple of years in one place because she "likes to move around."

From the time period from November of 2011 to date, Defendant has crossed the border into Mexico eleven times.  (Govt.'s Ex. 2).

Defendant claims to work part-time, as a licensed practical nurse, on an as-needed basis, for Ultra Staffing.  At the hearing, Defense Counsel acknowledged that Defendant has only worked for Ultra Staffing in Texas and that she has not worked in Michigan.

Defendant is forty-seven years old and has four children and one grandchild.  Her adult children, and her mother, father, and sister, all reside in Texas.  As of the time of her arrest, Defendant's only family tie to this district is her two year-old grandchild, who lives with someone not related to her, approximately three hours away from Detroit.

Accordingly, Defendant has no ties to the local community that would prevent her from fleeing this jurisdiction.  To the contrary, Defendant has had a rather transient lifestyle and the Court agrees with the Government that Defendant is a flight risk.

5

Despite her lack of ties to local community, Defendant's twenty-four year old son, Sammy Calvetti, has traveled here from Texas. Sammy quit his job as a pizza chef in Texas and plans to move here and secure a two-bedroom apartment in this district that he and his mother can live in while her case proceeds. But as the Government notes, Sammy quit his job and does not currently have a job in Michigan. In addition, he has limited financial resources and he has not, as of today, actually rented an apartment. While Sammy's show of support for his mother is laudable, this proposed alternative to detention is problematic and does nothing to alleviate this Court's concerns as to Defendant being a flight risk.

Fourth, the Court considers the nature and seriousness of the danger posed by Defendant's release. In this Court's view, this is perhaps the most determinative factor here. Defendant was stopped while transporting a very large quantity of cocaine into Michigan and her claimed residence in this district has indications that it is being used to package and/or distribute drugs. Such conduct represent a serious danger to the local community.

### CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that the Court hereby REVOKES the Order Setting Conditions of Release and ORDERS that Defendant be DETAINED pending trial.

IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  April 16, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 16, 2014, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager