UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

       Plaintiff,

v.

                                          Criminal No. 14-20209
D-1 Demas Hernandez Cortez and      Honorable Sean F. Cox
D-2 Sarah Ann Calvetti,

       Defendants.
_____/

**OPINION AND ORDER DENYING DEFENDANT SARAH ANN CALVETTI'S
MOTION TO SUPPRESS STATEMENTS AND CONSENT**

In this action, Defendants Sarah Ann Calvetti (D2) ("Calvetti") and Demas Hernandez Cortez (D1) ("Cortez") (collectively, "Defendants") are charged in an Indictment (Doc. #10) with Conspiracy to Possess with Intent to Distribute and To Distribute Cocaine, Possession with Intent to Distribute More than 5 Kilograms of Cocaine, and Aiding and Abetting.

On May 13, 2014, Defendant Calvetti filed a Motion to Suppress Statements (Doc. #20). The Government filed a Response (Doc. #24). The Court held an evidentiary hearing on the motion on Thursday, June 19, 2014. For the reasons set forth below, the Court shall DENY Defendant Calvetti's Motion to Suppress Statements.

**BACKGROUND**

Defendants were indicted in this action on April 8, 2014. (Doc. #10). The indictment charged Defendants with Conspiracy to Possess with Intent to Distribute and To Distribute Cocaine, in violation of 21 U.S.C. sections 846, 841(a)(1) and 841(b)(1)(A)(ii)(II); Possession with Intent to Distribute More than 5 Kilograms of Cocaine, in violation of 21 U.S.C. sections 841(a)(1) and 841(b)(1)(A)(ii)(II); and Aiding and Abetting, in violation of 18 U.S.C. section 2. These charges

follow a traffic stop and search of Defendants' vehicle as it was traveling on I-75 North in Monroe, Michigan, as well as a subsequent search of Calvetti's home in Dearborn Heights, Michigan.

## Defendant Calvetti's Motion to Suppress Statements

On May 13, 2014, Defendant Calvetti filed a Motion to Suppress Statements (Doc. #20). In her motion, Calvetti asks the Court to suppress statements she made to DEA Special Agent Jeffrey Moore ("Special Agent Moore") during a police interview after she was taken into custody. Calvetti argues that although she signed a form indicating that she did not wish to speak to agents, law enforcement agents violated her Fifth Amendment rights by continuing to question her. Calvetti also argues that her consent to search her home should be suppressed because it is "tainted" by the Fifth Amendment violation.

The Government responds that, under the totality of the circumstances, Calvetti waived her right to remain silent by freely volunteering to speak with agents after she signed the waiver form. The Government maintains that the agents did not engage in any coercive conduct and that no facts support a finding that Calvetti's statements were made involuntarily.

## Evidentiary Hearing

With the issues so framed by the parties, this Court held an evidentiary hearing on June 19, 2014. As its sole witness, the Government presented Drug Enforcement Administration Special Agent Jeffrey Moore. The Government introduced two exhibits into evidence: Government's Exhibit Number 1 - Defendant Calvetti's Miranda Waiver Form; and Government's Exhibit Number 2 - Defendant Cortez's Miranda Waiver Form.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Having observed the evidence and the witness who testified at the evidentiary hearing,

allowing for this Court to assess credibility, having considered the arguments presented by counsel, and having applied the governing legal principles, the Court makes the following findings of fact and conclusions of law.[1]

On March 26, 2014 in the early afternoon, Defendants Calvetti and Cortez were traveling northbound on Interstate 75 in Monroe County, Michigan. Defendant Calvetti was driving a blue van, and co-Defendant Cortez was her only passenger.

Michigan State Trooper Craig Ziecina ("Trooper Ziecina") was monitoring traffic on northbound I-75 in Monroe County, Michigan when he observed Defendants' blue minivan driving down the expressway. According to Trooper Ziecina, Defendants' vehicle was traveling at about 52 miles per hour, which is below the posted minimum speed limit of 55 miles per hour. The Government also claims that Trooper Ziecina witnessed Defendants' vehicle complete a lane change without signaling.

Trooper Ziecina initiated a traffic stop of Defendants' vehicle. At some point during the traffic stop, Trooper Ziecina then conducted a canine sniff search and a manual search of the vehicle, during which he discovered sixteen (16) kilograms of cocaine hidden in a trap storage compartment inside the van. Defendants were placed under arrest and taken to the DEA Detroit Field Office.

At the DEA Detroit Field Office, Defendant Calvetti was interviewed by Special Agent Moore. Agent Moore apprised Calvetti of her *Miranda* rights and presented her with a *Miranda* waiver form. Defendant Calvetti indicated on the form that she understood her *Miranda* rights, and did not wish to speak with the agents. Nevertheless, Special Agent Moore continued to ask

---

[1] To the extent that a finding of fact is more properly a conclusion of law, and the to the extent that a conclusion of law is more properly a finding of fact, it should be so construed.

questions of her. Defendant Calvetti answered Special Agent Moore's questions, and eventually gave consent to search her home at 25455 Princeton, Dearborn Heights, Michigan ("the Dearborn Heights home"). At no time did Defendant Calvetti ask for an attorney or say that she did not want to answer Special Agent Moore's questions.

## ANALYSIS

**A)  Was Defendant's Statement Taken In Violation Of Her Fifth Amendment Right to Silence?**

"The Supreme Court held in *Miranda v. Arizona*, 384 U.S. 436, 478-79, 86 S.Ct. 1602, 1630, 16 L.Ed.2d 694 (1966) that a suspect subject to custodial interrogation must first be given notice of his or her right against self-incrimination." *United States v. Swanson*, 341 F.3d 524, 528 (6th Cir. 2003). "Where a suspect unequivocally invokes his or her right to remain silent, the police must stop questioning and must honor the suspect's demand." *Taylor v. Lafler*, 2003 WL 22284561 at *10 (E.D. Mich. Sept. 19, 2003), *citing Michigan v. Mosley,* 423 U.S. 96 (1975).

Statements made by a defendant in response to interrogation while in police custody may be admissible if the defendant has first been apprised of the constitutional right against self-incrimination and has voluntarily, knowingly, and intelligently waived this right. *United States v. Cole*, 315 F.3d 633, 636 (6th Cir. 2003) (citing *Miranda v. Arizona*, 384 U.S. 436, 478-79 (1966)); *see also U.S. v. Lawrence*, 735 F.3d 385, 437 (6th Cir. 2013). "The inquiry as to whether there was a valid waiver has two components." *United States v. Wilkerson*, 76 Fed. Appx. 657, 658 (6th Cir. 2003). "First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception. Second, the waiver must have been made with a full awareness of both the nature of the right being abandoned

and the consequences of the decision to abandon it." *Id.*, *citing Moran v. Burbine*, 475 U.S. 412, 421 (1986).

A waiver of rights can be inferred where a defendant has been informed of his or her rights and indicates understanding, but does nothing to invoke those rights. *U.S. v. Nichols*, 512 F.3d 789 (6th Cir. 2008). For example, courts have held that "a defendant's subsequent willingness to answer questions after acknowledging his *Miranda* rights is sufficient to constitute an implied waiver." *Porfilio v. Hubbard*, 11 Fed. App'x 973, 975 (9th Cir. 2001), *citing Burket v. Angelone*, 208 F.3d 172, 198 (4th Cir.2000) (citation omitted); *see also Cazares*, 121 F.3d at 1244; *United States v. Velasquez*, 626 F.2d 314, 320 (3d Cir. 1980); *United States v. Stark*, 609 F.2d 271, 272-73 (6th Cir. 1979) (per curiam); *see also Edwards v. Arizona*, 451 U.S. 477, 484 (1981) ("we have held that after initially being advised of his *Miranda* rights, the accused may himself validly waive his rights and respond to interrogation.").

The Court finds that Defendant Calvetti freely and voluntarily waived her right to silence. Defendant was apprised of her constitutional rights pursuant to *Miranda v. Arizona*, including her right to remain silent. After being apprised of her *Miranda* rights, and signing a form indicating that she understood her rights, Defendant Calvetti answered Agent Moore's questions. Therefore, the Court finds that Defendant Calvetti impliedly waived her *Miranda* rights, and thus her Fifth Amendment rights were not violated.

**B)     Was Defendant's Consent To Search Freely And Voluntarily Given?**

Defendant argues that her consent to search the Dearborn Heights home was "tainted" by the Fifth Amendment violation, and therefore the consent is invalid and the search is unreasonable per

the Fourth Amendment. Essentially, Defendant argues that the consent to search and evidence obtained during the search must be suppressed as "fruit of the poisonous tree."

Finding no Fifth Amendment violation, the Court further finds that Defendant's argument is without merit. Therefore, the Court shall DENY Defendant's Motion to Suppress Consent to Search. (Doc. #20).

**IT IS SO ORDERED.**

                                            S/Sean F. Cox
                                            Sean F. Cox
                                            United States District Judge

Dated: July 29, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 29, 2014, by electronic and/or ordinary mail.

                                            S/Jennifer McCoy
                                            Case Manager